IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Deborah L. Graley,               :

        Plaintiff,               :

    v.                           :    Case No. 2:13-cv-83

Dolgen Midwest LLC,              :    JUDGE EDMUND A. SARGUS, JR.
                                      Magistrate Judge Kemp
        Defendant.               :

OPINION AND ORDER

This matter is before the Court on defendant Dolgen Midwest
LLC's motion for leave to amend its answer.  Plaintiff Deborah
Graley has opposed the motion and the motion has been fully
briefed.  For the following reasons the motion for leave to amend
will be denied.

I.  Background

This case arises under the FMLA.  In her complaint, Ms.
Graley claims that she was discharged from her job as an
assistant manager at a Dollar General store in Lancaster, Ohio,
on the basis of, or in retaliation for, taking FMLA leave for a
work-related injury, post-concussion syndrome.  Through its
motion, Dolgen seeks to amend its answer to include a seventh
affirmative defense:  that after-acquired evidence would have
resulted in Ms. Graley's termination and that her damages must be
limited as a result.  According to Dolgen, it learned through
discovery, specifically through answers to interrogatories and
Ms. Graley's deposition, that Ms. Graley surreptitiously tape-
recorded a conversation with another Dolgen employee, District
Manager Rodney Bryant, conduct which violates DolGen's policies
and is a terminable offense.

In its motion filed January 3, 2014, Dolgen acknowledges

that the deadline for amendment of the pleadings was October 30, 2013.  Consequently, as explained below, the Court will begin its analysis of the current motion under Fed.R.Civ.P. 16(b).

## II.  Legal Standard

Although motions to amend are evaluated under the standards in Fed. R. Civ. P. 15(a), which states that leave to amend shall be given freely when justice so requires, that rule cannot be read in isolation.  Rather, Rules 15(a) and 16(b) must be read together.  Marcilis v. Twp. of Redford, 693 F.3d 589, 597 (6th Cir. 2012); Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003).  Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that any prior date for the filing of a motion for leave to amend either has been met or is properly extended under the good cause provisions of Rule 16(b).

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to enter a scheduling order that limits the time to, inter alia, file motions, amend the pleadings, and complete discovery.  Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed.R.Civ.P. 16(b)(4).  Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner."  Id. at 1198.  A modification of the scheduling order by leave of court is appropriate only when a relevant deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  Leary, 349 F.3d at 906.  That is, the moving party's diligence in attempting to meet the requirements

-2-

of the scheduling order is the primary measure of Rule 16(b)'s "good cause" standard.  <u>Inge v. Rock Fin. Corp.</u>, 281 F.3d 613, 625 (6th Cir. 2002).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  <u>Dilmer Oil Co. v. Federated Mut. Ins. Co.</u>, 986 F.Supp. 959, 980 (D.S.C. 1997).  Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered.  <u>Andretti v. Borla Performance Indus., Inc.</u>, 426 F.3d 824, 830 (6th Cir. 2005); <u>Inge</u>, 281 F.3d at 625 However, the absence of prejudice to the opposing party is not equivalent to a showing of good cause.  <u>Tschantz v. McCann</u>, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

### III.  <u>The Motion for Leave to Amend</u>

In its motion, Dolgen affirmatively states that "[p]laintiff responded to Defendant's discovery on September 4, 2013 and identified Plaintiff's conduct in tape recording the conversation.  This was the first notice Defendant had of this conduct."  <u>See</u> Defendant's Memorandum in Support of Motion for Leave to Amend Answer (Doc. 15), p. 3.  By way of explanation for its failure to move to amend prior to the deadline, Dolgen offers the following time line after September 4, 2013.  On September 11, 2013, Dolgen received the actual recordings of the conversations.  As Dolgen sees it, at this time discovery responses were not complete because Ms. Graley had not obtained copies of her cell phone records to substantiate the calls.  On November 1, 2013, Ms. Graley produced her cell phone records and on November 12, 2013, Dolgen deposed her regarding her recording activities.  After Ms. Graley's deposition, Dolgen confirmed with its employment department that Ms. Graley's conduct in recording the conversations was a terminable offense.  An unsuccessful mediation was held on December 19, 2013, and immediately

thereafter Dolgen notified Ms. Graley of its intention to amend its answer.

Dolgen also explains, by way of footnote, that the reason it did not assert the affirmative defense of after-acquired evidence in its answer to the amended complaint, which it filed April 1, 2013, was because it was unaware at that time of Ms. Graley's having recorded conversations.  Dolgen then notes that at least one court in this District has ordered the striking of affirmative defenses plead without a factual basis.  See Edizer v. Muskingum University, 2012 WL 4499030 (S.D. Ohio Sept. 28, 2012).  Further, it notes, apparently relying on Mills v. United Producers, Inc., 2012 WL 4692341 (E.D. Mich. Oct. 3, 2012), although only an incomplete citation is provided, that the after-acquired evidence defense often arises after litigation has begun.  Therefore, Dolgen offers, it chose not to assert the defense until it had factual support.

In addition to its suggestion of diligence, Dolgen makes two other arguments in support of its motion.  First, it stresses that the proposed amendment is very "importan[t]" and would "significant[ly] impact" Ms. Graley's reinstatement request. Further, it addresses briefly the issue of prejudice to Ms. Graley.  Dolgen argues that, because no trial date has been set and the pretrial conference is not scheduled until July, there is sufficient time for Ms. Graley to conduct additional discovery.

In response, Ms. Graley contends that Dolgen cannot show good cause for modifying the scheduling order because it has not been diligent in seeking leave to amend.  According to Ms. Graley, Dolgen was or should have been aware of the basis for the proposed amendment well before the amendment deadline.  Ms. Graley agrees that Dolgen received actual copies of the recordings on September 11, 2013, but asserts that it was notified of the existence of the tapes through her initial

-4-

disclosures served on August 13, 2013.  Further, Ms. Graley
argues that information regarding calls she made to Mr. Bryant
was included in the first amended complaint filed March 8, 2013
(Doc. 4).  As Ms. Graley sees it, no later than September 11,
2013, Dolgen was aware of the calls, their timing, their content,
and the fact that Mr. Bryant was unaware that he was being
recorded.  Ms. Graley contends that Dolgen's claimed need to
"substantiate" the calls before moving to amend is simply an
attempt to direct the Court's attention away from its lack of
diligence.  Moreover, she argues, even indulging Dolgen's need
for substantiation, it could have moved to amend in early
November, 2013 after it received the cell phone records and took
her deposition.

     Additionally, Ms. Graley asserts that she will be prejudiced
if the motion to amend is granted.  She contends that the issue
of prejudice is "not necessarily temporal."  That is, she
maintains that whether time remains to conduct sufficient
discovery is not the only factor in evaluating prejudice.  She
argues that the proposed amendment will result in delay and
require additional expense that, given her financial situation,
she is in no position to incur.  Ms. Graley disagrees with
Dolgen's assumption that the proposed amendment could be
addressed by the review of a few additional documents and a
single deposition.  Rather, she explains, she will need to
explore all recent instances of discipline for violation of the
policy as well investigations that did not lead to discipline.
Further, she finds it likely that one witness will not have all
the necessary knowledge of the policy, which will necessitate
depositions of other employees.  Finally, she will need to re-
depose "the primary decision makers in this case - Rodney Bryant
and Brenda Edgington -" to determine their knowledge of and
experience with the policy.

In reply, Dolgen maintains that it did not "unduly delay" raising its proposed after-acquired evidence defense. Significantly, Dolgen seems to retract the statement in its motion that, as early as September 4, 2013, it was aware of Ms. Graley's conduct in recording conversations. Instead, Dolgen appears to place the responsibility for its failure to move to amend in a timely fashion squarely on Ms. Graley's shoulders. As Dolgen argues,

> Knowing Plaintiff <u>possessed</u> tape recorded conversations and knowing that she <u>made</u> the recordings are different facts. In both her initial disclosures and in her responses to interrogatories, Plaintiff carefully avoided saying that she had personally recorded the conversations. While it certainly appeared that Plaintiff was responsible for recording the conversations, it was not until her deposition that Plaintiff admitted making the recordings and explained how they were made.

In support of this argument, Dolgen attaches, as Exhibits A and B, copies of both Ms. Graley's initial disclosures and her answers to the first set of interrogatories. Exhibit A, the initial disclosures states in relevant part, "**B.** ... Plaintiff is in possession of the following documents or categories of documents [which] may be used to support her claims: ... 5. Recorded telephone calls to Rodney Bryant." Exhibit B, the interrogatory responses, states in relevant part,

> <u>**INTERROGATORY NO. 15:**</u>
>
> To your knowledge, has any tape recording or video recording been made of any conversations or discussions with any current or former employee, officer or agent of Defendant relating to your claims? If so, please identify the number of tapes, the date tapes were made and the persons in possession thereof.
>
> **ANSWER: Plaintiff has digital recordings of a conversation she had with District Manager Rodney Bryant on November 20, 201[2]. She further has recordings of a conversation with another employee of**

> defendant on November 20, 2012, and recordings of
> messages left on Rodney Bryant's voicemail three times
> on November 20, 2012, November 23, 2013 and December 1,
> 2012.  These digital recordings are in the possession
> of Ms. Graley's attorney.

Finally, at least on the issue of diligence, Dolgen reiterates that it informed Ms. Graley's counsel of the potential defense on December 19, 2013.

Dolgen makes several other points in its reply.  First, Dolgen argues that any prejudice to Ms. Graley is easily curable by an extension of the discovery period.  Dolgen also seems to suggest that because discovery in this case was only four months old when it advised Ms. Graley of its intention to raise the defense, the proposed amendment is justified.  It notes that the "unsettled" state of the law relating to pleading standards for affirmative defenses required its assurance of its factual basis and makes any delay here reasonable.  Further, Dolgen contends that Ms. Graley cites to no authority to support her position that additional cost is "a relevant consideration" to a prejudice analysis here.  Dolgen also dismisses Ms. Graley's belief that certain witnesses may need to be re-deposed because to its knowledge these witnesses have no information relating to the proposed after acquired defense.  Finally, it takes Ms. Graley to task for what it perceives to have been a "lengthy exposition on the factual merits of the defense" in her response.

## IV. <u>Analysis</u>

As explained above, the issue before the Court is whether Dolgen has demonstrated that, despite its diligence, it was unable to move for leave to amend prior to the deadline of October 30, 2013.  If Dolgen has not met its burden on this issue, it has failed to demonstrate good cause for extending the deadline under Rule 16(b) and the Court will not consider the motion for leave to amend under Rule 15(a).  For the following

-7-

reasons, the Court finds that Dolgen has failed to demonstrate its diligence and therefore has not demonstrated good cause for an extension of the amendment deadline.

On the issue of diligence, significant facts do not appear to be in dispute.  That is, there is agreement between the parties that Dolgen was aware, in early September, 2013, approximately six weeks before the amendment deadline, that Ms. Graley had taped conversations with Mr. Bryant.  Despite its attempt in its reply to characterize its understanding as simply that she possessed tape recorded conversations not that she made them, in its motion, Dolgen affirmatively states that it was aware of Ms. Graley's conduct on September 4, 2013.  Although the certificate of service on the interrogatory responses contains a date of September 6, 2013, Ms. Graley does not dispute Dolgen's assertion.  Further, Ms. Graley notes that information about the tapes was contained in her initial disclosures served on August 13, 2013.  Although Dolgen does not address this point, Ms. Graley's assertion is consistent with the copy of the disclosures attached to Dolgen's reply as Exhibit A.  Putting these minor details aside, however, there is no question that Dolgen was aware of the recorded conversations no later than the first week of September, 2013 and that Dolgen received the actual recordings on September 11, 2013.

What also appears clear based on the record is that the amendment deadline came and went with no action addressed to the issue of a proposed after-acquired evidence defense having been taken by Dolgen.  Dolgen would have the Court accept that this lapse was the result of its need to ensure that it did not plead an affirmative defense without any factual basis and run the risk of having its defense stricken.  Dolgen portrays itself as the victim of both Ms. Graley's alleged elusiveness in clarifying whether she merely possessed or actually made the tapes and the

-8-

unclear state of the law in this District regarding pleading requirements for affirmative defenses.  The Court is unpersuaded by Dolgen's attempt to shift blame.

Assuming Dolgen's professed conscientiousness, such conscientiousness unfortunately did not extend to a regard for Court imposed deadlines.  Despite, by its own admission, having been aware of the recordings, and the issues they potentially presented, Dolgen did not seek an agreed upon extension of the amendment date nor did it file a motion seeking any extension of the date.  A simple request for a brief extension to allow Dolgen to investigate and confirm the underlying facts would have addressed its concerns and acknowledged the importance of the case management schedule.

The Court finds Dolgen's arguments about whether Ms. Graley made the tapes particularly unpersuasive.  In both her initial disclosures and her interrogatory answers, she not only said that she had recordings, but identified both parties to the conversations.  Dolgen knew that Mr. Bryant did not make the recording; the only logical assumption is that, directly or indirectly, Ms. Graley did.  That should have been a "red flag" concerning the possibility of an after-acquired evidence defense. Further, even if the Court were to accept Dolgen's claim of uncertainty as to whether Ms. Graley merely possessed or actually made the tapes, Dolgen did not seek to clarify this point in a timely manner, and it did not make a timely request to extend the amendment deadline so it could find out who made these recordings.  Finally, there is no indication in the record that Dolgen actively investigated the implications of the tapes with its employment department during this time period, instead waiting until sometime after Ms. Graley's deposition on November 12, 2013.  It is hard to characterize this behavior as diligent.

The remaining series of events further calls into question Dolgen's insistence that its delay in seeking to amend was driven solely by its concern for proper pleading. On November 1, 2013, Ms. Graley's cell phones records were produced and she was deposed on November 12, 2013. Sometime "following the deposition" Dolgen confirmed with its employment department that Ms. Graley's recording of the conversations was a terminable offense. If confirmation of Ms. Graley's conduct was the driving concern, it seems reasonable to conclude that an amendment would have been sought shortly following her deposition. While the Court recognizes that such an amendment still would have been untimely absent an extension, such timing at least would have lent credibility to Dolgen's current argument.

Dolgen's proposed amendment is a one-paragraph, three-sentence, six-line seventh defense. As such, it cannot be characterized as having been time-consuming to prepare. Yet, Dolgen did not seek to amend in mid-November. Instead, on December 19, 2013, the case was mediated. It was at this point that Dolgen notified Ms. Graley of its intention to seek leave to amend. Still, Dolgen did not move for leave to amend until January 3, 2014.

Under the circumstances described above, the Court believes that Dolgen, in the exercise of any diligence, was able to pursue the proposed amendment within the scheduled time frame. Moreover, were Dolgen concerned with its pleading obligations as it contends, it could have, at a minimum, sought a short extension of the deadline to allow for receipt of the cell phone records and Ms. Graley's deposition. Certainly, as Dolgen notes in its motion, an after-acquired evidence defense frequently comes to light after litigation has begun. When that is the case, and that appears to be the case here, the Court is not suggesting that such a defense was required to be plead

-10-

initially.  Rather, the Court expects that a party will use the procedural vehicles designed to address such situations, including timely motions for leave to amend or requests for extension of time, consistent with the Court's scheduling order.

All of Dolgen's other arguments are also unavailing.  For example, Dolgen's argument that any prejudice to Ms. Graley can easily be cured by an extension of the discovery deadline is not a sufficient ground on which to allow the amendment.  Likewise, Dolgen's attempts to minimize Ms. Graley's assertions of the prejudice that will result from increased costs associated with the proposed amendment carry no weight.  As previously stated, the focus of the Court's inquiry here is primarily on Dolgen's diligence in seeking leave to amend.  Further, Dolgen's notifying Ms. Graley's counsel on December 19 of its intention to pursue the proposed defense does not serve to create a right to file an untimely amendment.  Similarly, Dolgen's suggestion that it did not "unduly delay" seeking leave to amend, is not persuasive because the issue for consideration is not how quickly after the deadline it sought to amend but whether it could have done so before the deadline.  Finally, Dolgen's argument that the proposed amendment is very important to the claims in this case also is not a consideration in finding good cause under Rule 16(b).

Based on the record before it, the Court cannot conclude that Dolgen exercised due diligence in moving for leave to amend after the deadline.  Accordingly, it has not established the good cause required for a modification of the case schedule under Rule 16(b) and the Court need not undertake any analysis under Rule 15(a).  Consequently, the motion for leave to file an amended answer will be denied.

## V. <u>Order</u>

For the reasons stated above, the motion for leave to file

an amended answer (Doc. 15) is DENIED.

<u>APPEAL PROCEDURE</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge